UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SHUJA UDDIN,

        Plaintiff,
vs.

HSBC MORTGAGE SERVICES INC.,

        Defendant.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, SHUJA UDDIN, by and through undersigned counsel, and brings this action against the Defendant, HSBC MORTGAGE SERVICES INC. ("HSBC"), and as grounds thereof would allege as follows:

## INTRODUCTION

1.    This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations, and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2.    The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulation.

3.    The FCCPA prevents persons from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8. At all times material hereto, Defendant, HSBC was and is a foreign corporation, incorporated under the laws of the state of Delaware, duly licensed to transact business in the State of Florida, and lists its registered agent as CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

9. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida, and owns a home, which is Plaintiff's primary residence, in Miami-Dade County.

10. At some point in time prior to the violations alleged herein, HSBC was hired to service the subject loan.

11. At all times material hereto, HSBC, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by

a mortgage upon Plaintiff's primary residence and principal dwelling, located at **** NW 186 Sreet, Unit 301 Hialeah, Florida 33015.

12. At all times relevant to this Complaint, HSBC, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

13. At all times relevant to this Complaint, HSBC, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under Florida Statute §559.55(6).

14. At all times relevant to this Complaint, HSBC, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

15. At all times relevant to this Complaint, HSBC, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

16. Upon information and belief, the primary function of HSBC's, servicing business is to collect payment on mortgage accounts.

17. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

18. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FCCPA by virtue of being directly affected by violations of the Act.

19. At all times material hereto, the debt in question was a "debt" as said term is defined under Florida Statute §559.55(1).

**BACKGROUND AND GENERAL ALLEGATIONS**

20. On or about March 14, 2006, Plaintiff entered into a promissory note agreement with HSBC Mortgage Corporation (USA) (the "Note").

21. The Note was secured by a mortgage on Plaintiff's residence located at **** NW 186 Sreet, Unit 301 Hialeah, Florida 33015, in favor of Mortgage Electronic Registration Systems, Inc. (the "Mortgage")(the "Note" and "Mortgage" are collectively referred to as the "Loan").

22. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

23. In an effort to save her home, on August 28, 2014, Plaintiff submitted a loan modification package (the "First LMP") to HSBC via facsimile.

24. The First LMP included an executed Making Home Affordable Program ("HAMP") Request for Mortgage Assistance ("RMA") form.

25. The RMA asked Plaintiff if they wanted to keep the property; if the property is their primary residence; and if the property was owner occupied.

26. Plaintiff answered in the affirmative to each, of the above questions.

27. Defendant duly received the application and knew that Plaintiffs lived in the home and sought to keep the property.

28. Notwithstanding, Defendant continued to cause property inspections to be performed on Plaintiffs' home at an alarming rate.

29. Because of the stagnant time with the First LMP, on March 12, 2015, Plaintiff submitted a second LMP with updated information (the "Second LMP").

30. Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), HSBC was required to provide a written notice within five (5) business days of receipt of the Second LMP acknowledging receipt

of same and whether HSBC determined said application to be complete or incomplete. If HSBC deemed the LMP incomplete, HSBC was required to state in the written notice the additional documents and information that must be submitted to make the LMP complete and a date within which to submit said documents and information.

31. HSBC failed to provide a written acknowledgment of the Second LMP within the mandated timeframe, in violation of 12 C.F.R. § 1024.41(b)(2)(i)(B).

32. In fact, to date, HSBC has not provided any status update as to the Second LMP. Plaintiff has no idea if the application is complete or incomplete. With trial in a pending foreclosure approaching on June 16, 2015, Plaintiff has become increasingly concerned.

### REQUEST FOR INFORMATION

33. Plaintiff wished to seek answers to the continuous charging of property inspections.

34. As such, on February 26, 2015, Loan Lawyers—on behalf of Plaintiff—mailed to HSBC a written request for information pursuant to Regulation X ("Plaintiff's RFI"). HSBC received Plaintiff's RFI on or about March 5, 2015.

35. A true and correct copy of same is attached as Exhibit "A".

36. Plaintiff's RFI asked HSBC, *inter alia*, to: (1) provide a complete pay history for the life of the loan and; (2) provide responses to nine specific informational requests regarding the conducting of property inspections.

37. HSBC, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

38. HSBC, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that

the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

39. On April 3, 2015, HSBC responded to Plaintiff's RFI (the "Response").

40. A true and correct copy of the letter is attached hereto as Exhibit "B".

41. The Response indicted that HSBC performs property inspections "monthly while the loan remains in default."

42. Thus, without any reasonable basis, HSBC conducts property inspections. They are automatically conducted monthly.

43. Additionally, the Response stated "Records reflect that the property is occupied and in good condition."

44. Per the Response, $958.75 in property inspections fees have been charged to the Loan.

45. Moreover, HSBC did not provide responses to requests number 2, 3, 8 and 9.

46. HSBC did not provide any proof of the property inspections such as an invoice, report, or proof of payment, all of which was specifically requested in Plaintiff's RFI.

47. Therefore, on May 5, 2015, Plaintiff's counsel sent HSBC a follow up correspondence informing them of the outstanding information.

48. A true and correct copy of same is attached hereto as Exhibit "C".

49. On May 13, 2015, HSBC responded to the follow up letter.

50. A true and correct copy of same is attached hereto as Exhibit "D".

51. The May 13, 2015, correspondence merely stated that the April 3, 2015, response "provide all the necessary information regarding these fees."

52. However, HSBC has no position to determine what Plaintiff deems necessary.

53. After all, HSBC knew or should have known that the property was occupied as indicated on the RMA.

54. Since submitting the First LMP, HSBC has conducted eight property inspections for no reason but to increase the billing of the Loan. HSBC admitted the property is occupied and in good repair yet continues, indiscriminately, to conduct property inspections and charge Plaintiff for same.

55. To date, HSBC has failed or refused to provide the information requested in Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

## COUNT II –VIOLATION OF 12 U.S.C. § 2605(k)

56. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 55.

57. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

58. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes

*TL-9229* *v.2*

that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

59.     The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

60.     HSBC has failed to or refused to comply with 12 C.F.R. § 1024.36(d)91) and 12 C.F.R. § 1024.36(d)(2)(i)(B) in that HSBC did not provide all of the information requested in Plaintiff's RFI.

61.     As such, HSBC has violated 12 U.S.C. § 2605(k)(1)(E).

62.     Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

63.     Plaintiff is entitled to actual damages as a result of Defendant, HSBC's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to HSBC's failure to adequately respond to Plaintiff's RFI. *See* Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla 2014)(the Court finding that actual damages includes photocopying and postage costs, and attorneys' fees incurred as a result of loan servicer's noncompliance with REPSA); Marais v. Chase Home Finance, LLC, 24 F.Supp.3d 712 (S.D. Ohio 2014)(the court, on remand, finding that

actual damages encompass costs incurred in mailing QWR and "all expenses, costs, fees, and injuries" attributable to servicer's failure to appropriately respond to QWR); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

64. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of HSBC's pattern or practice of noncompliance with Regulation X and RESPA.

65. In this case alone, HSBC has violated three (3) separate provisions of Regulation X and RESPA.

66. Moreover, Plaintiff's counsel can demonstrate numerous correspondences sent to HSBC, relating to other clients under the applicable statutes, in which HSBC failed to acknowledge or adequately respond as required by law.

67. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

### COUNT II-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

68. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 55.

69. Florida Statutes § 559.72(9) states:

> "In collecting debts, no person shall…
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes § 559.72(9).

70. The charge of property inspection fees to the Loan when HSBC is aware that

Plaintiff's property is occupied and in good repair is claim or an attempt to enforce a debt that HSBC knows is not legitimate.

71. The charge of property inspection fees to the Loan when HSBC is aware that Plaintiff's property is occupied and in good repair equates to the assertion of a right that HSBC knows it does not have.

72. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

73. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

74. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

75. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, SHUJA UDDIN, respectfully asks this Court to enter an order granting judgment for the following:

(a) That HSBC be required to provide the information requested in Plaintiff's RFI;

(b) That HSBC be required to remove all property inspections fees since August 2014.;

(c) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f) and Florida Statutes § 559.77(2); and

(d) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, SHUJA UDDIN, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:    (954) 523-4357
Facsimile:    (954) 581-2786